IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-14168-CIV-MOORE/WHITE

CHARLES LEVERN HUDSON,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER GRANTING MOVANT CHARLES LEVERN HUDSON'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255; DECLINING TO ADOPT MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Movant Charles Levern Hudson's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (dkt # 1). This matter was referred to the Honorable Patrick A. White, United States Magistrate Judge, who issued a Supplemental Report and Recommendation (dkt # 26). The government filed Objections (dkt # 29) and Charles Levern Hudson ("Hudson") filed a Response (dkt # 32).

UPON CONSIDERATION of the Motion, the Supplemental Report and Recommendation, the Objections and Response, after de novo review of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I.    BACKGROUND

On March 3, 2008, Hudson entered a plea of guilty to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 2).

At his sentencing on June 9, 2008, Hudson was deemed a career offender under section 4B1.1 of the Sentencing Guidelines, and was sentenced to 327 months imprisonment on each count, to be served concurrently. Hudson was classified as a career offender because he is over the age of 18, the offense to which he pled guilty was a felony controlled substance offense, and he had two prior felony convictions: one was a controlled substance offense and the other was deemed to be a "crime of violence." U.S. Sentencing Guidelines Manual § 4B1.1(a). Hudson's two prior felony convictions include: (1) felony fleeing and eluding with siren and lights activated, Florida Statutes § 316.1935(2); and (2) sale of cocaine.[1] The judgment became final on June 24, 2008, ten days after the entry of judgment. Hudson did not object to his status as a career offender at sentencing or on appeal.

Hudson filed his Motion to Vacate on May 26, 2009 (dkt # 1). On December 17, 2009, the Magistrate Judge issued a Report and Recommendation, recommending that Hudson's motion be denied. This Court adopted the Report and Recommendation on December 29, 2009 (dkt # 12). Hudson filed a Notice of Appeal on February 12, 2010 (dkt # 15), and a Motion for Reconsideration on February 12, 2010 (dkt # 17). This Court granted Hudson's Motion for Reconsideration on February 16, 2010 (dkt # 18), because Hudson did not receive a copy of the Report and Recommendation. On March 2, 2010, this Court Adopted in Part the Report and Recommendation, denying claim two of the motion, and re-referring claim one to the Magistrate Judge for

---

[1] Hudson actually has two prior convictions for the sale of cocaine, as noted in paragraphs 38 and 40 of his PSI. He sold cocaine to confidential informants on September 5, 2002, and September 19, 2002. There was no arrest between the two offenses. The government concedes, and this Court agrees, that for purposes of career offender status, these sales of cocaine are not counted separately because there was no intervening arrest and the sentences were imposed the same day. See Magistate Judge's Supplemental Report at 4 (dkt # 26).

2

consideration in light of Hudson's objections to the Report and Recommendation. On March 26, 2010, after supplemental briefing, the Magistrate Judge issued a Supplemental Report and Recommendation (dkt # 26), recommending that Hudson's sentence be vacated.[2]

## II.   ANALYSIS

In the Supplemental Report and Recommendation, the Magistrate Judge recommended that Hudson's sentence be vacated. The Magistrate Judge found that even though Hudson's claim that he was improperly classified as a career offender was procedurally defaulted, and that he failed to meet the cause and prejudice exception to procedural default, he is nevertheless entitled to relief because he is "actually innocent" of being a career offender. The Magistrate Judge also found that Hudson's counsel was ineffective for failing to object to Hudson's classification as a career offender at his sentencing.

This Court declines to adopt the Supplemental Report and Recommendation because Hudson's procedural default was caused by his counsel's ineffective assistance and Hudson suffered prejudice as a result. Hudson therefore meets the cause and prejudice exception to procedural default and his claim may be reviewed on the merits. Hudson is entitled to relief because he was improperly classified as a career offender. Accordingly, there is no need to determine whether Hudson is "actually innocent" of being a career offender.

Hudson entered a plea of guilty on March 3, 2008. On April 16, 2008, prior to Hudson's

---

[2] On June 22, 2010, the Eleventh Circuit Court of Appeals dismissed Hudson's Notice of Appeal for lack of jurisdiction (dkt # 35) because the district court order being appealed was not final or immediately appealable given that this Court had jurisdiction to grant Hudson's Motion for Reconsideration. This moots the government's argument in its Objection to the Supplemental Report and Recommendation (dkt # 29) that the Magistrate Judge lacked jurisdiction to issue the Supplemental Report and Recommendation once Hudson filed his Notice of Appeal.

3

sentencing on June 9, 2008, the United States Supreme Court decided <u>Begay v. United States</u>, 553 U.S. 137 (2008), holding that New Mexico's felony offense of driving under the influence of alcohol ("DUI") is not a "violent felony"[3] within the meaning of the Armed Career Criminal Act ("ACCA").[4] <u>See</u> 18 U.S.C. § 924(e)(1)(B).[5] The Court concluded that New Mexico's DUI offense was too dissimilar from the enumerated offenses in the ACCA's definition of "violent felony" because it was not "roughly similar, in kind as well as in degree of risk posed." <u>Begay</u>, 553 U.S. at 143. The Court went on to state that New Mexico's DUI offense differed from the offenses enumerated in the ACCA's "violent felony" definition because those crimes all typically involve "purposeful, violent and aggressive conduct," making it "more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim." <u>Id.</u> at 145 (internal quotation marks omitted). "By way of contrast, statutes that forbid driving under the influence, such as the [New Mexico DUI statute], typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which

---

[3] Title 18 U.S.C. § 924(e)(1)(B), the statute at issue in <u>Begay</u>, defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

[4] "The [ACCA] imposes a special mandatory 15-year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions for committing certain drug crimes or 'violent felon[ies].'" <u>Begay</u>, 553 U.S. at 139.

[5] The definition of "violent felony" in § 924(e)(1)(B) that was addressed in <u>Begay</u> is the same as the definition for "crime of violence" under § 4B1.2(a) of the Sentencing Guidelines and the two are therefore given the same interpretation. <u>See</u> <u>U.S. v. Harris</u>, __ F.3d __, 2010 WL 2382401, at *5, 8 (11th Cir. 2010); <u>U.S. v. Layton</u>, 356 Fed. Appx. 286, 289 (11th Cir. 2009).

the offender need not have had any criminal intent at all."[6] Id.

At his sentencing, Hudson's counsel did not argue that in light of Begay, Hudson's conviction for fleeing and eluding with siren and lights activated did not qualify as a "crime of violence," thereby making Hudson ineligible for career offender status. Hudson did not raise this issue on direct appeal. In his Motion to Vacate, Hudson claims that the district court erred in sentencing him as a career offender and that his counsel was ineffective for failing to argue that he is not a career offender in light of Begay. The Magistrate Judge found that Hudson's claims are procedurally defaulted because he failed to raise these arguments on direct appeal. The Magistrate Judge also found that Hudson has failed to show cause or prejudice for his failure to raise these arguments on direct appeal. Hudson does not contest either of these conclusions in his Response to the Government's Objections (dkt # 32).

Despite the claim being procedurally defaulted, the Magistrate Judge found that the "actual innocence" doctrine applies in the "context of challenging a predicate offense utilized to classify a defendant as a career offender." Supplemental Report and Recommendation at 10. As a general rule, claims that are procedurally barred may only be reviewed on the merits if the prisoner demonstrates cause for the default and prejudice from the error. See House v. Bell, 547 U.S. 518, 536 (2006); Hollis v. Davis, 941 F.2d 1471, 1476 (11th Cir. 1991). In addition, there is a

---

[6] In determining whether an offense is a "violent felony," a court must "consider the offense generically, that is to say, . . . examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay, 553 U.S. at 141. "[W]here the judgment of conviction and statute are ambiguous, i.e., the determination whether a prior conviction is a qualifying offense from the face of the judgment itself is impossible," a district court may look at the facts underlying a state conviction. U.S. v. Aguilar-Ortiz, 450 F.3d 1271, 1273 (11th Cir. 2006). In doing so, the court may rely only on the "'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id. at 1273-74 (quoting Shepard v. U.S., 544 U.S. 13, 16 (2005)).

miscarriage of justice exception, which is based on the notion "that the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration." Id. (internal quotation marks omitted). Under this miscarriage of justice exception, a prisoner asserting "actual innocence" as a gateway to a defaulted claim must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."[7] Schlup v. Delo, 513 U.S. 298, 327 (1995); see Bell, 547 U.S. at 539 (holding that the Schlup standard applies to defaulted sentencing-related claims, even after the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA")).

In crafting the manifest injustice exception, the Supreme Court has repeatedly noted that, for the most part, "'victims of fundamental miscarriages of justice will meet the cause-and-prejudice standard.'" Carrier, 477 U.S. at 495-96 (quoting Engle v. Isaac, 456 U.S. 107, 135 (1982)); see Schlup, 513 U.S. at 320. Thus, the miscarriage of justice exception was explicitly tied to actual innocence "[t]o ensure that the . . . exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving." Schlup, 513 U.S. at 321. Before resorting to the miscarriage of justice exception, a district court must first determine if procedurally defaulted claims meet the cause and prejudice exception. Dretke, 541 U.S. at 393-94 (stating that "a federal court faced with allegations

---

[7] The miscarriage of justice exception was first applied in the context of one who is actually innocent of the substantive offense. See Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception was later extended to claims of capital sentencing error. Sawyer v. Whitley, 505 U.S. 333 (1992) (limiting the exception to cases where the applicant could show "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law"). In Dretke v. Haley, the Supreme Court declined to decide whether the miscarriage of justice exception applies to procedurally defaulted claims challenging noncapital sentencing error. 541 U.S. 386 (2004).

of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default").

Subsequent to determining that Hudson satisfied the miscarriage of justice exception, the Magistrate Judge concluded that Hudson received ineffective assistance of counsel that resulted in classification as a career offender.[8] Supplemental Report and Recommendation at 11. As stated above, Begay was decided after Hudson entered his plea but before his sentencing. Begay articulated a new standard for determining whether an offense is a "violent felony" or "crime of violence." This new standard presented Hudson's counsel with the opportunity to raise new and compelling arguments that Hudson's conviction for felony fleeing and eluding with siren and lights activated is not a "crime of violence." Indeed, just two months after Begay, the Eleventh Circuit applied the Begay standard and concluded that carrying a concealed firearm is not a "crime of violence." U.S. v. Archer, 531 F.3d 1347 (2008). Less than a year later, the Eleventh Circuit concluded that felony fleeing and eluding with siren and lights activated, Florida Statutes § 316.1935(2), the same offense that served as the basis for Hudson's classification as a career offender, is not a "crime of violence." U.S. v. Harrison, 558 F.3d 1280 (11th Cir. 2009); compare U.S. v. Harris, 586 F.3d 1283, 1289 (11th

---

[8] It is unclear why the Magistrate Judge concluded that Hudson had failed to show cause or prejudice for the procedural default given the conclusion in the Supplemental Report and Recommendation that Hudson's counsel "was deficient in failing to file objections to the PSI, move to withdraw the plea agreement or argue at sentencing . . . that the movant's prior convictions of fleeing and eluding, used to determine his classification as a career offender, no longer qualified to enhance his sentence." Supplemental Report and Recommendation at 11. It is, however, well settled that ineffective assistance of counsel serves as cause in the cause and prejudice exception to procedural default. See Hollis v. Davis, 941 F.2d 1471, 1476 (11th Cir. 1991) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). The Magistrate Judge also found that the ineffective assistance of counsel resulted in prejudice. Supplemental Report and Recommendation at 11.

Cir. 2009) (finding that felony fleeing and eluding with siren and lights activated at high speed or with wanton disregard of safety of others, Florida Statutes § 316.1935(3), is a "crime of violence").[9]

Given the standard articulated in Begay, and its import at sentencing in determining whether Hudson should have been classified as a career offender, Hudson's counsel's failure to argue that Hudson was not a career offender pursuant to Begay places his representation below an objective standard of reasonableness. The likelihood that this argument would have succeeded and that Hudson would not have been classified as a career offender supports the conclusion that he was prejudiced as a result, especially in light of the Eleventh Circuit's subsequent decisions in Archer and Harrison. Although these decisions came after Hudson's sentencing, they did not require Hudson's counsel to divine the future of an unsettled area of law.[10] Rather, the holdings of these cases were the entirely foreseeable result of the newly articulated Begay standard. Therefore, Hudson received ineffective assistance of counsel in violation of the Sixth Amendment, which serves as the cause that is required to excuse a procedural default. The fact that such an argument would

---

[9] In determining whether an offense is a "violent felony" or "crime of violence:

> [W]e begin with a categorical approach to this crime. We read the face of [the relevant statute] itself to discern the crime as it is ordinarily committed. Necessarily, we consider whether the crime poses a "serious potential risk of physical injury" that is similar in degree to the risks posed by the enumerated crimes. As in Begay . . . we examine next whether that crime was similar in kind and in degree to the enumerated crimes. Finally, under Begay and Chambers, . . . we ask whether the conduct at issue in the statute is "purposeful, violent and agressive," or, whether it is a more passive crime of inaction.

Harris, 586 F.3d at 1288. As the Eleventh Circuit already conducted this analysis in Harrison for felony fleeing and eluding with siren and lights activated, this Court need not repeat this analysis here.

[10] In the Eleventh Circuit, there is "a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." U.S. v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001) (citing cases).

8

have likely prevented Hudson from being classified as a career offender resulted in prejudice. Accordingly, Hudson has met the cause and prejudice standard for excusing procedural default and his claim may be addressed on the merits.

It is now clear that Hudson is not a career offender because fleeing and eluding with siren and lights activated is not a "crime of violence." Harrison, 558 F.3d at 1296. The Eleventh Circuit has concluded that Begay, Archer, and thus Harrison apply retroactively. Gilbert v. U.S., __ F.3d __ 2010 WL 2473560, at *6 (11th Cir. 2010) (stating that Begay is a "circuit law busting, retroactive Supreme Court decision").[11] The Eleventh Circuit has also held that a Begay challenge to a petitioner's erroneous classification as a career offender is cognizable on collateral attack. Id. Here, Hudson was classified as a career offender based on only one conviction for the sale of cocaine. Even though Hudson did not meet the requirements for a career offender, he was erroneously classified as one. Accordingly, his sentence is due to be vacated.[12] In light of the foregoing, this Court need not determine whether Hudson satisfies the miscarriage of justice exception, which

---

[11] In Gilbert, the Court found that the facts of that case satisfied the Wofford standard, thereby triggering the savings clause of § 2255, which permits review of a successive habeas petition under § 2241. __ F3d __, 2010 WL 2473560, at *5-7.

[12] The government's reliance on U.S. v. Coley is misplaced. 336 Fed. Appx. 933 (11th Cir. 2009). As an initial matter, "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Moreover, Gilbert is binding precedent and held, contrary to Coley, that Begay is retroactive and that the miscarriage of justice exception applies to procedurally barred claims challenging noncapital sentencing error. Furthermore, in Coley, there was no cause or prejudice that would have permitted the Court to hear petitioner's procedurally defaulted claim, nor does it appear that petitioner attempted to meet the miscarriage of justice exception.

requires a gateway showing of "actual innocence."[13]

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Movant Charles Levern Hudson's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (dkt # 1) is GRANTED. Hudson's sentence is hereby VACATED and he is to be resentenced without the career offender enhancement and with the benefit of any other reduction to which, as a result, he may be entitled. This Court declines to adopt the Supplemental Report and Recommendation. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of July, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Judge Patrick A. White
     Charles Levern Hudson
     Reg. No. 76008-004
     FCC - Coleman
     Federal Correctional Complex
     P.O. Box 1032
     Coleman, FL 33521-1032

---

[13] In Gilbert, the Eleventh Circuit agreed with the Fourth and Fifth Circuits that the miscarriage of justice exception applies to procedurally barred claims challenging noncapital sentencing error. __ F3d __, 2010 WL 2473560, at * 6-7. This conclusion largely abrogates the government's arguments in section III of its Objections to the Report and Recommendation, although it bears mentioning that Gilbert was decided after the government submitted its brief.